IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| L.D. b/n/f CHERYL BROWN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00134 |
| | § | |
| HUMBLE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendant. | § | |

## MOTION TO DISMISS OF DEFENDANT,
## HUMBLE INDEPENDENT SCHOOL DISTRICT

### THOMPSON & HORTON LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027-7554

Janet L. Horton
Federal I.D. No. 5125
Texas Bar No. 10021500
(713) 554-6746 (telephone)
(713) 583-8997 (fax)
jhorton@thompsonhorton.com

Bradley J. Domangue
Federal I.D. No. 1662372
Texas Bar No. 24065156
(713) 554-6742 (telephone)
(713) 583-5295 (fax)
bdomangue@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS**

# Table of Contents

**I.      SUMMARY OF CASE AND ARGUMENT**.................................................................. 1

**II.     STANDARD OF REVIEW** .......................................................................................... 2

**III.    FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A
         CLAIM**............................................................................................................................ 2

   A.  PLAINTIFF'S § 1983 CLAIMS SHOULD BE DISMISSED ......................................................... 2
       1.  *Plaintiff has not alleged a constitutional violation*....................................................... 2
       2.  *The Due Process Clause does not require public schools to protect students
           from each other.* .................................................................................................... 4
       3.  *Plaintiff's allegations of "bullying" do not implicate a recognized liberty interest* ...... 6
       4.  *Plaintiff has not alleged an Equal Protection Violation*.............................................. 7
       5.  *Plaintiff has not alleged a District Policy Violated the Student's
           Constitutional Rights* ............................................................................................ 10
   B.  THE DISTRICT IS IMMUNE FROM PUNITIVE DAMAGES ...................................................... 11
   C.  PLAINTIFF'S § 1981 AND TITLE VII CLAIMS SHOULD BE DISMISSED ................................. 12
   D.  TITLE VI CLAIMS SHOULD BE DISMISSED ...................................................................... 14

**IV.    CONCLUSION AND PRAYER** ................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*,
77 F.3d 1253 (10th Cir. 1996) ...............................................................7

*Andrews v. Monroe County Bd. of Educ.*,
627 Fed.Appx. 781, 2011 WL 2022561 (11th Cir. May 25, 2011) ...........................8

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)...............................................................2, 7, 8

*Baker v. McCollan*,
443 U.S. 137 (1979)...............................................................3

*Baldwin v. Uni. Of Texas Medical Branch at Galveston*,
945 F.Supp. 1022 (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th Cir. 1997) .............................19

*Becerra v. Asher*,
105 F.3d 1042 (5th Cir. 1997) ...............................................................4

*Beltran v. City of El Paso*,
367 F.3d 299 (5th Cir. 2004) ...............................................................8, 9

*Black v. Indiana Area School Dist.*,
985 F.2d 707 (3d Cir. 1993)...............................................................14

*Broaders v. Polk County Sch. Bd.*,
No 8:10-cv-2411-T-27EA, 2011 WL 2610185 (M.D. Fla., April 19, 2011)...........................9

*Bryant v. Indep. Sch. Dist. No. I-38 of Garvin Cty., OK*,
334 F.3d 928 (10th Cir. 2003) ...............................................................17

*Burlington Northern and Santa Fey Ry. Co. v. White*,
548 U.S. 53 (2006)...............................................................19

*City of Cleburne v. Cleburne Living Center*,
473 U.S. 432 (1985)...............................................................7

*City of Newport v. Fact Concerts, Inc.*
453 U.S. 247 (1981)...............................................................11

*Collins v. City of Harker Heights, Tex.*,
503 U.S. U.S. 115, 121 (1992)...............................................................6

*Costello v. Mitchell Pub. Sch. Dist.*,
266 F.3d 916 (8th Cir. 2001) ...............................................................7

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998) .........................................................................4, 6

*Daniels v. Williams*,
474 U.S. 327 (1986) ...........................................................................3

*Davis v. Monroe County Bd. Of Educ.*,
526 U.S. 629 (1999) ........................................................2, 14, 16, 19

*DeShaney v. Winnebago County Dep't of Social Servs.*,
489 U.S. 189 (1988) .........................................................................5, 9

*Doe v. Dallas Indep. Sch. Dist.*,
153 F.3d 211 (5th Cir. 1998) .........................................................10, 15

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*,
220 F.3d 380 (5th Cir. 2000) .........................................................15, 16

*Doe v. Gooden*,
214 F.3d 952 (8th Cir. 2000) ...............................................................7

*Doe v. San Antonio Indep. Sch. Dist.*,
197 Fed.Appx. 296, 2006 WL 2381963 (5th Cir. Aug. 17, 2006)...........6

*Doe v. Taylor Indep. Sch. Dist.*,
15 F.3d 443 (5th Cir. 1994) ...............................................................6

*Fennell v. Marion Indep. School Dist.*
804 F.3d 398 (5th Cir. 2015) ....................................................... *passim*

*Gant ex rel. Gant v. Wallingford Bd. of Educ.*,
195 F.3d 134 (2d Cir. 1999) .............................................................16

*Gebser v. Lago Vista Indep. Sch. Dist.*,
524 U.S. 274 (1998) .........................................................................16

*Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*,
786 F.3d 400 (5th Cir. 2015) ............................................................12

*Hagan v. Orum*,
51 F.3d 48 (5th Cir. 1995) ...............................................................14

*Jackson v. Katy Indep. Sch. Dist.*,
951 F. Supp. 1293 (S.D. Tex. 1996) ...................................................12

*James v Harris Cty.*,
577 F.3d 612 (5th Cir. 2009) ...............................................................11

*Jett v Dallas Indep. Sch. Dist.*,
7 F.3d 1241 (5th Cir. 1993) ...........................................................11, 13

*Johnson v Deep E. Tex. Reg'l Narcotics Trafficking Task Force*,
379 F.3d 293 (5th Cir. 2004) ................................................................3

*Kelly v. Allen Indep. Sch. Dist.*,
602 Fed.Appx. 949 (5th Cir. 2015)......................................................18

*Kinman v. Omaha Public School Dist.*,
171 F.3d 607 (8th Cir. 1999) ...............................................................15

*Estate of Lance v. Lewisville Indep. Sch. Dist.*,
743 F.3d 982 (5th Cir. 2014) .........................................................15, 19

*Lillard v. Shelby Cty. Bd. of Educ.*,
76 F.3d 716 (6th Cir. 1996) ...................................................................7

*Doe ex rel. Magee v. Covington County School Dist.*,
675 F.3d 849 (5th Cir. 2012) .................................................................5

*Mitchum v. Foster*,
407 U.S. 225 (1972).................................................................................8

*Mohat v. Mentor Exempted Village Sch. Dist.*,
No. 1:09 DV 688, 2011 WL 2174671 (N.D. Ohio, June 1, 2011)............5

*Monell v. New York City Dept. of Social Services*,
436 U.S. 658 (1978)...........................................................................2, 10

*Moose Lodge No. 127 v. Irvis*,
407 U.S. 163 (1972).................................................................................8

*Nabozny v. Podlesny*,
92 F.3d 446 (7th Cir. 1996) .................................................................10

*Okon v. Harris County Hosp. Dist.*,
426 Fed.Appx. 312, 2011 WL 1990836 (5th Cir. May 23, 2011) ..........10

*Peterson v. City of Fort Worth*,
588 F.3d 838 (5th Cir. 2009) ...........................................................3, 10

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) ...........................................................3, 11

iv

*Priester v. Lowndes Cty.*,
    354 F.3d 414 (5th Cir. 2004) ...........................................................................8

*Rhodes v. Prince*,
    No. 08-10794, 2010 WL 114203 (5th Cir. Jan. 12, 2010) ..........................3

*Robertson v. City of Plano*,
    70 F.3d 21 (5th Cir. 1995) ...............................................................................7

*Saenz v. City of McAllen*,
    396 Fed.Appx. 173, 2010 WL 3852358 (5th Cir. Oct. 4, 2010) ...........................10

*Sanches v. Carollton-Farmers Branch Indep. Sch. Dist.*,
    647 F.3d 156 (5th Cir. 2011) ...............................................................16, 18, 19

*Siegert v. Gilley*,
    500 U.S. 226 (1991) .........................................................................................3

*R.S. ex rel. Smith v. Starkville Sch. Dist.*,
    No. 1:12-CV-00088-SA-DAS, 2013 WL 5295685 (N.D. Miss. Sept. 19, 2013) ...................13

*Soper v. Hoben*,
    195 F.3d 845 (6th Cir. 1999) ...........................................................................9

*Southard v. Tex. Bd. of Crim. Justice*,
    114 F.3d 539 (5th Cir. 1997) ...........................................................................14

*Tafuto v. New Jersey Institute of Tech.*,
    CA No. 10-4521(PGS), 2011 WL 3163240 (D.N.J., July 26, 2010) .........................9

*Teague v. Texas City Indep. Sch. Dist.*,
    185 Fed.Appx. 355, 2006 WL 1716291 (5th Cir. June 16, 2006) ...........................6

*U.S. v Morrison*,
    529 U.S. 598 (2000) .........................................................................................7

*Walton v. Alexander*,
    44 F.3d 1297 (5th Cir. 1995) (en banc) .........................................................4, 5

*Webster v. City of Houston*,
    689 F.2d 1220 (5th Cir. 1982) ..........................................................................12

*Wilson v. Garcia*,
    471 U.S. 261 (1985) .........................................................................................2

## Statutes

42 U.S.C. § 1981 ..................................................................................................................12, 13

42 U.S.C. § 1983 ........................................................................................................... *passim*

42 U.S.C.§2000d ..................................................................................................................14

Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-3 ................................1, 12, 13, 19

20 U.S.C. § 1415(1) ................................................................................................................1

Tᴇx. Eᴅᴜᴄ. Cᴏᴅᴇ §§ 11.051 and 11.151 (Vernon 2007).............................................................11

Tᴇx. Eᴅᴜᴄ. Cᴏᴅᴇ § 25.0342 .....................................................................................................17

## Other Authorities

Fourth Amendment ...................................................................................................................3

Fourteenth Amendment ............................................................................................2, 3, 4, 8, 11, 13

Fᴇᴅ. R. Cɪv. P. 12(b)(1) ...........................................................................................................1

Fᴇᴅ. R. Cɪv. P. 12(b)(6) .......................................................................................................1, 2

U.S. Const. Amend. XIV, § 1 ....................................................................................................4

| | | |
|---|---|---|
| L. D. B/N/F CHERYL BROWN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00134 |
| | § | |
| HUMBLE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendant. | § | |

## MOTION TO DISMISS OF DEFENDANT
## HUMBLE INDEPENDENT SCHOOL DISTRICT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant Humble Independent School District ("HISD" or the "District") moves to dismiss Plaintiff's claims against Defendant for failure to state a claim for which relief can be granted, and would respectfully show the Court as follows:

### I.       Summary of Case and Argument

Plaintiff does not allege facts that support a constitutional violation. The Plaintiff does not allege state action that caused a constitutional violation, nor does he allege intentional discrimination by the Defendant. He has not alleged facts to meet the requirements of a cause of action under 42 U.S.C. § 1983. The Plaintiff has not alleged facts to support a cause of action under 42 U.S.C. § 1981 and Title VII. All of the Plaintiff's claims for constitutional violations and causes of action under § 1983 should be dismissed for failure to state a claim for which relief can be granted.1 Further, the Plaintiff has failed to meet required elements of his Title VI claims,

---

1 The Plaintiff also states that he has exhausted his special education related claims pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1415(1) and 19 T.A.C. § 89.115(p); however, because the Plaintiff has not made any claims regarding IDEA at this time, the District has not addressed this issue. (Complaint § 12)  To the extent that these claims do consist of claims made under or related to claims made under the IDEA, the District reserves its right to address these issues in a FED. R. CIV. P. 12(b)(1) and/or FED. R. CIV. P. 12(b)(6) Motion at a later time.

especially the *deliberate indifference* standard, as required by *Davis v. Monroe County Bd. Of Educ.,* 526 U.S. 629, 643 (1999) and *Fennell v. Marion Indep. School Dist.* 804 F.3d 398 (5th Cir. 2015).

## II.      Standard of Review

To survive a motion to dismiss, the Plaintiff's complaint must provide sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id.* at 1949 (citations omitted). Finally, although the court must accept well-pleaded facts as true, conclusory allegations are not entitled to a presumption of truth. *Id.* at 1950.

## III.      FED. R. CIV. P. 12(b)(6) Motion to Dismiss For Failure to State a Claim

### A.      Plaintiff's § 1983 Claims Should be Dismissed

#### 1.      *Plaintiff has not alleged a constitutional violation*

Plaintiff alleges the Defendant deprived him of his constitutional rights under the Fourteenth Amendment in two ways – a violation of his right to privacy and to bodily integrity pursuant to the due process clause and to equal protection. He brings these claims pursuant to 42 U.S.C. § 1983. (Complaint § 67 and 69) Section 1983 creates no substantive right, but merely provides a damages remedy for the deprivation of an existing constitutional or statutory right. *See Wilson v. Garcia*, 471 U.S. 261, 278 (1985). Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the Plaintiff must show three elements: a policy maker, an official policy, and a violation of a constitutional right whose moving force is the policy or custom.

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The policy maker is liable if an official policy itself is unconstitutional or the policy was adopted "with deliberate indifference to its known or obvious consequences." *Johnson v Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (quoting *Bd. Of Cty. Comm'rs of Brian Cty. v. Brown*, 520 U.S. 397 (1997)).

The existence of a constitutional violation is a threshold issue which may be determined before analyzing whether the entity may be held responsible for the violation. *Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009).

A plaintiff in a § 1983 action bears the burden of specifying precisely what right was violated. *Siegert v. Gilley*, 500 U.S. 226, 232- 33 (1991). Thus, if a plaintiff alleges deprivation of a right "secured by the Constitution and laws," it is incumbent upon that plaintiff to "isolate the precise constitutional violation," that forms the basis of the action. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The Court must carefully review the constitutional interest at issue by reference to specific factual circumstances. It is not enough to simply claim the Defendant's actions violated the privacy and bodily integrity of the Plaintiff in violation of the Fourteenth Amendment in the abstract, or that the District's actions violated the Plaintiff's right to equal protection of the laws. *See, e.g., Rhodes v. Prince,* No. 08-10794, 2010 WL 114203 (5th Cir. Jan. 12, 2010) (holding that plaintiff's allegations of "false arrest" without factual support did not state a claim under the Fourth Amendment).

Framing a plaintiff's claims precisely serves two important public policy goals. First, it prevents the watering down of the federal Constitution, which does not provide a remedy for ordinary tortious conduct. *Daniels v. Williams,* 474 U.S. 327, 332 (1986). Second, it serves the lofty goal of protecting public servants from potentially crippling verdicts based on mistaken

judgments or decisions rather than a violation of a constitutional right. The Plaintiff alleges many complaints with no obvious or implied racial basis. (Complaint ¶¶ 22, 31, 33, 35, 47, 52). Other allegations have racial overtones. But the allegations are with regard to the affirmative actions of *students*. There are no allegations that school staff took affirmative actions to violate his constitutional rights. The allegation about school staff is that *they failed to act*. (Complaint ¶¶ 37, 38, 39)

Courts must "preserve the constitutional properties of constitutional claims, lest the Constitution be demoted to what we have called a font of tort law." *County of Sacramento v. Lewis*, 523 U.S. 833, 836, 848 (1998) (employing a "shocks the conscience" test in a police chase (wrongful death case)). As a matter of law, the affirmative actions of students toward the Plaintiff as alleged in the Complaint do note state a constitutional violation.

### 2. *The Due Process Clause does not require public schools to protect students from each other.*

The Plaintiff claims that the Defendant failed to "to protect" the Plaintiff from alleged harassment and bullying by his classmates. (Complaint ¶ 68.) The Due Process Clause provides that the *state* may not deprive a person of "property" or "liberty" without due process of law. U.S. Const. Amend. XIV, § 1. To state a claim, the plaintiff must assert a "recognized" liberty interest within the purview of the Fourteenth Amendment, and he must demonstrate that he was deprived of that right by a person acting "under color of state law." *Walton v. Alexander*, 44 F.3d 1297, 1301-02 (5th Cir. 1995) (en banc); *see, e.g., Becerra v. Asher*, 105 F.3d 1042, 1045 (5th Cir. 1997), *as supplemented on denial of reh'g* (Apr. 7, 1997) (although teacher's rape of 11-year-old boy was "egregious and cruel," the rape did not occur "under color of state law" because there was no teacher/pupil relationship at the time of the assault).

The Plaintiff's due process claims fail as a matter of law because the alleged harassment was perpetrated by non-state actors (schoolchildren) and because the alleged harassment does not implicate a liberty interest protected by the Due Process Clause.

The Due Process Clause *does not* require the state "to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1988). The Due Process Clause is a restraint on governmental power, not a guarantee of safety or an affirmative duty to protect citizens from each other. *Id.* Because the Due Process Clause does not require the state to provide "protective services," "it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id.* at 197. The only exception to this rule arises in "limited circumstances" when the state takes a person into custody against his will and deprives him of the freedom to protect himself. *Id.* at 200.

In *DeShaney*, the Supreme Court rejected a due process claim against a social worker who negligently returned a boy to his abusive father who battered the boy and caused serious brain damage. In rejecting the mother's claim, the Supreme Court observed ". . . it is well to remember once again that the harm was inflicted not by the State … but by Joshua's father." 489 U.S. at 202-03.

In light of *DeShaney*, it is well settled that public schools do not have a constitutionally-imposed duty to protect students from harm inflicted by other students or other non-state actors. *See Doe ex rel. Magee v. Covington County School Dist.*, 675 F.3d 849, 863-869 (5th Cir. 2012) (rejecting claim where student was released to a third party from school and molested); *Walton*, 44 F.3d at 1300-1301 (rejecting claim of deaf student who was raped twice by another student at a residential school); *Mohat v. Mentor Exempted Village Sch. Dist.*, No. 1:09 CV 688, 2011 WL

2174671 at 7 (N.D. Ohio, June 1, 2011) (holding that school district could not be held liable for suicide of student who was "regularly" bullied by other students).  It also is well established that *DeShaney's* "special relationship" exception does not apply to public school students because they are not physically restrained in school and are able to return to their parents each day.  *See Teague v. Texas City Indep. Sch. Dist.*, 185 Fed.Appx. 355, 2006 WL 1716291 (5th Cir. June 16, 2006) (rejecting due process claim of special education student who was assaulted by another special education student); *Doe v. San Antonio Indep. Sch. Dist.*, 197 Fed.Appx. 296, 2006 WL 2381963 (5th Cir. Aug. 17, 2006) (rejecting due process claim where student was molested by a visitor to campus after assistant principal forgot he had left her in the office).   Because there is no constitutional duty to protect students from each other, the Plaintiff has failed to state a claim of a constitutional violation as a matter of law.

### 3. *Plaintiff's allegations of "bullying" do not implicate a recognized liberty interest*

A "liberty" interest is a right expressly enumerated in the Bill of Rights but also includes "fundamental rights implicit in the concept of ordered liberty."  *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994).  A liberty interest includes the right to be free from "state-occasioned damage to a person's bodily integrity."  *Id.* at 451.  Thus, for example, a minor has a right to be free from sexual abuse by a teacher.  *See id.* at 445.  Lesser intrusions, however, will not violate due process unless the state actor engages in conduct that "shocks the conscience."  *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998).  Conduct shocks the conscience when the defendant acts with a "purpose to cause harm."  *Id*. at 836.  This high standard is necessary because the Due Process Clause does not provide a remedy for ordinary tortious conduct.  *See Collins v. City of Harker Heights, Tex.*, 503 U.S. U.S. 115, 121 (1992) (holding that city did not have a duty to provide a safe work place).

The conduct at issue here is by *other students*, not school officials. Federal courts have repeatedly held that verbal harassment and offensive contact will not state a claim for a violation of due process even when perpetrated by a state actor. *See*, *e.g., Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("verbal abuse of students," "screaming," and "foul language" do not violate due process); *Robertson v. City of Plano*, 70 F.3d 21, 24 (5th Cir. 1995) (threatening or abusive language and gestures do not violate due process) (citation omitted); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Costello v. Mitchell Pub. Sch. Dist.*, 266 F.3d 916, 921 (8th Cir. 2001) (cruel name-calling and striking plaintiff in the face with a notebook did not violate due process); *Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1255-56 (10th Cir. 1996) (rejecting due process claim of student who alleged that the teacher repeatedly called her a prostitute). The Plaintiff's allegations do not describe a violation of due process.

### 4.    *Plaintiff has not alleged an Equal Protection Violation*

The Equal Protection Clause requires that similarly situated persons be treated alike. *See*, *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). If the state disadvantages a "suspect class" or impinges upon a fundamental right, the decision is subject to strict scrutiny. *Id.* Classifications based on race, national origin, or alienage are suspect categories and are subject to strict scrutiny. *Id.* at 440. Equal protection claims require proof of invidious and purposeful discrimination. *See*, *U.S. v Morrison*, 529 U.S. 598 (2000). Conclusory assertions of discriminatory intent are insufficient to state a claim. *See*, *Iqbal*, 129 S. Ct. at 1948. The Plaintiff must plead sufficient factual allegations to show that the District took action for the *purpose of discrimination on account of the Plaintiff's race*. The factual content must be sufficient to move the claim of purposeful discrimination "across the line from conceivable to plausible." *Id.* at

1952. The Complaint does not allege purposeful, intentional discrimination based on the Plaintiff's race by *school officials*.

a.    ***The Complaint does not allege state action***

An essential element of a claim under the Equal Protection Clause and § 1983 is that the misconduct was undertaken by "state actors" acting under color of state law. *Mitchum v. Foster*, 407 U.S. 225, 241 (1972). Private conduct, however discriminatory or wrongful, is not actionable under the Fourteenth Amendment, even if the state is aware of the discrimination. *See Moose Lodge No. 127 v. Irvis*, 407 U.S. 163, 172 (1972). Plaintiff's allegation that he was harassed by other students does not implicate state action and does not state a claim for a constitutional violation. *See, e.g., Priester v. Lowndes Cty.*, 354 F.3d 414, 422-23 (5th Cir. 2004) (defendants were not liable for student's racially motivated attack against fellow student; abuse was not attributable to the state).

b.    ***The Complaint does not allege intentional discrimination***

An equal protection claim requires a showing of intentional discrimination. *Iqbal*, 129 S.Ct. at 1948; *Beltran v. City of El Paso*, 367 F.3d 299, 304 (5th Cir. 2004). A plaintiff must show that the official took a discriminatory action "because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Andrews v. Monroe County Bd. of Educ.*, 627 Fed.Appx. 781, 783, 2011 WL 2022561 (11th Cir. May 25, 2011), quoting *Iqbal*, 129 S.Ct. at 1948 (remanding case against principal to enable district court to reconsider equal protection claim in light of *Iqbal*). The Complaint does not allege that any *school officials intentionally* refused to assist the Plaintiff *because of* his race or that they took some affirmative action to discriminate against him *because of his race*.

c.       ***The Complaint does not allege selective enforcement***

In *DeShaney*, in which the Supreme Court held that local governments generally may not be held liable for third-party acts of violence, the Court acknowledged in a footnote that liability could arise if the state "selectively" denies its protective services to certain disfavored minorities. *DeShaney*, 489 U.S. at 197 n. 3. Because of a concern that litigants will use the *DeShaney* footnote as an "end-run around the *DeShaney* principle that there is no constitutional right to state protection for acts carried out by a private actor," the Fifth Circuit requires specific evidence of invidious discrimination. *Beltran*, 367 F.3d at 304. In *Beltran*, the plaintiff claimed that her daughter was murdered because the city gave domestic violence 911 calls a lower priority than other calls. *Id.* The court rejected the equal protection claim because there was no showing of an intent to discriminate against women. *Id.* at 305. The Complaint does not allege that the Plaintiff was treated differently from other victims of bullying (*i.e.*, that he was denied protection while other students were given protection).

Because the Plaintiff has not alleged any class-based differential treatment, he has failed to state a claim for which relief can be granted. *See, e.g., Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir. 1999) (affirming dismissal of equal protection claim by a mentally retarded girl who allegedly was raped or harassed by male students; parents did not allege that the girl's complaints were treated differently than complaints by male students); *Broaders v. Polk County Sch. Bd.*, No 8:10-cv-2411-T-27EAJ, 2011 WL 2610185 (M.D. Fla., April 19, 2011) (dismissing equal protection claim where student "failed to allege sufficient facts showing that Defendant's policies treat minority and disabled students differently from other students"); *Tafuto v. New Jersey Institute of Tech.*, CA No. 10-4521(PGS), 2011 WL 3163240 at 5 (D.N.J., July 26, 2010) (dismissing equal protection claim where student's allegations did not show that other students

were similarly situated); *compare Nabozny v. Podlesny*, 92 F.3d 446, 455 (7th Cir. 1996) (allowing claim to proceed where evidence indicated that the defendants treated male and female victims of harassment differently).

5. ***Plaintiff has not alleged a District Policy Violated the Student's Constitutional Rights***

The Plaintiff alleges that the District "ratified" the "acts, omissions and customs" of school personnel. (Complaint §§ 71-73) This conclusory assertion fails to state a proper basis of liability. Ratification is a permissible basis of liability only when the final policymaker approves the "subordinate's decision **and** the basis for it." *See Saenz v. City of McAllen*, 396 Fed.Appx. 173, 179, 2010 WL 3852358 (5th Cir. Oct. 4, 2010), citing *City of St. Louis v. Praprotnik*, 483 U.S. 112, 127 (1988) (emphasis added); *see, e.g.*, *Okon v. Harris County Hosp. Dist.*, 426 Fed.Appx. 312, 2011 WL 1990836 (5th Cir. May 23, 2011) (although board approved reduction in force, plaintiff did not show that the board itself knew of supervisors' alleged racial animus or that it approved any alleged racial animus underlying the decision to terminate her). Ratification does not occur when the municipality fails to investigate the discretionary actions taken by an employee or when it defends conduct that is later found to be unconstitutional. *Doe*, 153 F.3d at 216; *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009). In this case, the Plaintiff does not allege that the HISD School Board approved *any* decision, much less the *basis* for the decision. Plaintiffs' theory fails as a matter of law.

Additionally, *Respondeat superior* liability is prohibited under § 1983. Plaintiff has to plead that HISD's "final policymaker" caused the alleged constitutional violations by a custom, policy, or practice of the District. *Monell*, 436 U.S. at 658; *Fennell,* 804 F.3d at 413. The identification of the "final policymaker" is a question of state law. *See Prapotnik*, 485 U.S. at 124. The final policy-making authority for an independent school district is the board of trustees

of the school district. *See* TEX. EDUC. CODE §§ 11.051 and 11.151 (Vernon 2007); *Jett v Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1251 (5th Cir. 1993) ("Under Texas law such policy making authority rests exclusively with the Board").

To state a claim against the District, Plaintiff has to plead that the HISD *School Board* adopted an unconstitutional policy or that it otherwise *knew about or acquiesced in* a permanent and deeply imbedded abusive and unconstitutional practice that violated the constitutional rights of the Plaintiff. *See Piotrowski*, 237 F.3d at 578-579; *Fennell,* 804 F.3d at 413. The Complaint has no allegation that an unconstitutional policy was adopted by the Board. Plaintiff does not claim that the Board was ever aware of the incidents alleged in the Complaint. In fact, there is *no mention* of the HISD School board in the Complaint. There are allegations about two incidents in 2012 (Complaint ¶¶ 59, 60), but there is no allegation the Board had any actual knowledge of these incidents involving siblings at a middle school and incidents of graffiti in bathrooms at Kingwood High School. These two allegations are not the type of widespread practice "so common and well-settled as to constitute a custom that fairly represents municipal policy." *James v Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009). These factual allegations are not sufficient to state a claim under § 1983 and the Fourteenth Amendment on which relief can be granted.

### B.      The District is Immune from Punitive Damages

Plaintiff requests punitive damages under § 1983. (Complaint ¶ 82) The District is not liable for punitive damages. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 267-271 (1981) ("In sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials."). The reason punitive damages are not permitted is that the public entity itself "can have no malice independent of the

malice of its officials." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d. 400, 412 (5th Cir. 2015)(citing *City of Newport*, 453 U.S. at 267). While a school district "may be subject to compensatory damages for violation of constitutional rights, it does not have to shoulder the burden of punitive damages." *Webster v. City of Houston*, 689 F.2d 1220, 1229 (5th Cir. 1982), *on reh'g*, 735 F.2d 838 (5th Cir. 1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984)("Since the trial court instructed the jury that it could assess punitive damages, which it then did, we must reverse that portion of the verdict."). The Plaintiff's request for such damages should be dismissed.

### C. Plaintiff's § 1981 and Title VII Claims Should be Dismissed

Although, the Plaintiff does not address 42 U.S.C. § 1981 in his facts or address issues specific to § 1981, he includes it, along with Title VII, in his Complaint as part of the lawsuit. (Complaint ¶ 9) "To state a claim under Section 1981, Plaintiffs must show (1) discrimination on account of race (2) in connection with an ***enumerated activity*** and (3) discriminatory intent." *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1301 (S.D. Tex. 1996)(emphasis added)(citing *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16 (1984); *Goff. v. Continental Oil,* 678 F.2d 593, 598 (5th Cir.1982)). As discussed previously, the Plaintiff has failed to plead a requisite element of his case, *i.e.,* discriminatory intent; moreover, there is no allegation that this case has anything to do with a contractual agreement or any other enumerated activity of § 1981. 42 U.S.C. § 1981.

> "Section 1981 does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco,* 330 F.3d 355, 358 (5th Cir.2003). Section 1981(a) provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by

white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981.

*R.S. ex rel. Smith v. Starkville Sch. Dist.*, No. 1:12-CV-00088-SA-DAS, 2013 WL 5295685, at *2 (N.D. Miss. Sept. 19, 2013). "Plaintiff's complaint does not allege any fact that would allow the Court to reasonably infer Defendants discriminated against the Plaintiff with regard to an activity enumerated by § 1981." *Id.* *R.S.*, like this case, was a suit by an individual student against a school district based on bullying and harassment by third parties, e.g. students or teachers. *Id.*

Additionally, the Court has regularly stated that § 1981 does not apply to a state actor where Section 1983 is the exclusive right for the Fourteenth Amendment unless the Plaintiff shows that the issues are specific to "the violation of 'his right to make contracts.'" *Jett*, 491 U.S. at 735-736 ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.") As noted previously, the Plaintiff has failed to allege facts that meet the requirements for a cause of action under § 1983.

Additionally, the Plaintiff cites Title VII of the Civil Rights Act of 1964 in his Complaint. (Complaint ¶ 9) This statute makes it "…an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof…" 42 U.S.C.A. §2000e-3. This clearly does not apply to the facts presented in the current matter because employment practices are not at issue.

### D.     Title VI Claims Should be Dismissed

Under Title VI, "[n]o person in the United States shall on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.§2000d. The Fifth Circuit has applied the Supreme Court's standard in *Davis v. Monroe Cty. Bd. Of Educ.*, 526 U.S. 629 (1999) for liability of a school district in student-to-student sexual harassment cases to student-to-student harassment cases based on race. *Fennell*, 804 F.3d at 407-408. The Court is to determine if (1) the harassment was so severe, pervasive and objectively offensive that it can be said to deprive the victims of access to educational opportunities or benefits provided by the school, and the District, (2) had actual knowledge, (3) had control over the harasser and the environment in which the harassment occurs, and (4) was deliberately indifferent. *Davis*, 526 U.S. at 644, 650.  The Complaint does not allege facts that show deliberate indifference.

### 1.     *The Complaint does not Establish Deliberate Indifference*

"Deliberate indifference" is a "stringent standard of fault" requiring omissions that rise to the level of "intentional choice" rather than "negligent oversight."  *Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997).   Ineffectiveness, as a matter of law, is insufficient to prove deliberate indifference.  *See Hagan v. Orum*, 51 F.3d 48, 52-53 (5th Cir. 1995) (the principal took "more than a minimal amount of action" in response to complaints about abusive coach); *Black v. Indiana Area School Dist.*, 985 F.2d 707, 712-713 (3d Cir. 1993) (the plaintiffs were required to prove more than "a negligent failure to recognize [a] high risk of harm").

The deliberate indifference standard does not mean that public schools "can avoid liability **only** by purging their schools" of actionable harassment.  *Davis*, 119 S.Ct. at 1674

(emphasis added); *see also Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 220 F.3d 380, 384 (5th Cir. 2000)("Official may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, 'even if the harm ultimately was not averted'"); *see, e.g.*, *Kinman v. Omaha Public School Dist.*, 171 F.3d 607 (8th Cir. 1999) (holding that school district was not deliberately indifferent to allegations of sexual relationship between teacher and student despite alleged **delay and ineffectiveness of initial intervention**)(emphasis added). In *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211 (5th Cir. 1998), the Fifth Circuit wrote:

> The deliberate indifference standard is a high one. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference ….

*Id*. at 219; *see also Doe*, 220 F.3d at 388 (although principal did not document the problem or take other preventive actions, principal was not deliberately indifferent).

The Supreme Court has limited the *deliberate indifference* standard: "We stress that our conclusion here—that recipients may be liable for their deliberate indifference to known acts of peer sexual harassment—does not mean that recipients can avoid liability *only by purging their schools of actionable peer harassment* or that *administrators must engage in particular disciplinary action*." *Id.* at 648, 119 S.Ct. 1661 (emphasis added). Title VI does not require that schools eradicate each instance of bullying from their hallways to avoid liability. Judges make poor vice principals. *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996 (5th Cir. 2014).

### 2. District's Acts Were Not Clearly Unreasonable

To show deliberate indifference, the Plaintiff must show that the action by the District was "clearly unreasonable" and not merely ineffective. *Estate of Lance*, 743 F.3d at 997. Whether a response or an act by the District is clearly unreasonable may be determined by the

Court as a "matter of law." *Sanches v. Carollton-Farmers Branch Indep. Sch. Dist.,* 647 F.3d 156, 168 (5th Cir. 2011)(citing *Davis*, 526 U.S. at 649); *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999)("there is no reason why courts, on a motion . . . could not identify a response as not '*clearly unreasonable*' as a matter of law.'")(citations omitted)(emphasis added). For a school district to be liable for student-to-student harassment, it is not enough to allege that the student was bullied and harassed and that the school official's actions did not avert or alleviate the problem. The Plaintiff must show that the "response to harassment is clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648; *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-291 (1998); *Sanches,* 647 F.3d at 168 ("[i]neffective responses, however, are not necessarily clearly unreasonable"; the "district's responses here were not clearly unreasonable merely because the actions continued."); *Doe* 220 F.3d at 388 (holding that principal's investigation was not a *clearly unreasonable* response to sexual abuse allegation because "we cannot say ... that these actions, though ineffective in preventing McGrew from sexually abusing students, were an inadequate response to J.H.'s allegation").

The only claims made by the Plaintiff regarding the quality of the District's response are that, "cries for help were left without an *appropriate* response" (see Complaint ¶ 2); the school district "failed to *fully* address [the Plaintiff's] concerns" (see Complaint ¶ 7); the school district failed to "*satisfy the standards* of care set forth by the DOE" (see Complaint ¶ 8). The standard applied by the Department of Education to enforce a school district's compliance with Title VI is not the standard applied by the Fifth Circuit in *Fennell* for a private right of action for damages. *Fennell,* 804 F.3d at 408; *see also Gebser*, 524 U.S. at 286-290. The standard is deliberate indifference, or acting in a clearly unreasonable manner in light of known circumstances.

The Plaintiff acknowledges that there was some kind of action by the District. The Plaintiff's mother was in regular contact with the assistant principal "trying to resolve the harassment and bullying her son was experiencing," (see Complaint ¶ 37); the assistant principal urged the Plaintiff's mother to give the Plaintiff "more time to adjust," (see Complaint ¶ 38); and, the assistant superintendent offered to transfer the Plaintiff to another high school within the school district (see Complaint ¶ 51). The Plaintiff enrolled in Kingwood High School in November of 2013 and by mid-March of 2014, he had been transferred to another school in the District per the assistant superintendent's suggestion. Transferring a student who is being bullied has been a reasonable solution for bullying under Texas law for more than a decade. TEX. EDUC. CODE § 25.0342 (providing that the district can transfer a victim of bullying to another classroom or campus other than the one where the bullying occurred).

### 3. Mere Bullying is Not a Violation of Title VI

Plaintiff fails to allege sufficient facts to show a racially hostile environment. Although it has been established that discrimination can occur when the word "nigger" is used against a student or when the "KKK" is invoked, these allegations were limited to two individual incidents. (see Complaint ¶¶ 21 and 44); *Fennell*, 804 F.3d at 409 (stating that the word "nigger" and the symbol of a "noose" are recognized symbols of racist activities); *Bryant v. Indep. Sch. Dist. No. I-38 of Garvin Cty., OK*, 334 F.3d 928, 932-33 (10th Cir. 2003) (references to the KKK).

Most of the claims seem to be mere incidents of silly, immature behavior and not actions based on the Plaintiff's race, including:

- Students saying, "look at that stupid kid." (Complaint ¶ 21)
- The Plaintiff being "struck by a package of carrots that were [sic.] thrown at him." (Complaint ¶ 22)
- The Plaintiff being ignored when he greeted the teacher. (Complaint ¶ 27)

- A decision by other students that the Plaintiff "would best fit the role of servant during a class play of Romeo and Juliet." (Complaint ¶ 31)
- That a teacher would simply stare at and ignore the Plaintiff. (Complaint ¶ 32)
- That "[o]n several occasions in the cafeteria, his basketball teammates would collectively get up and leave the table." (Complaint ¶ 33)
- That the Plaintiff was "pushed and shoved in the hallway." (Complaint ¶ 35)
- That the Plaintiff "watched other students, including several teammates, playing a game in which they would grab and pinch one another's nipples," which made the Plaintiff afraid. (Complaint ¶ 35)
- That another student "pulled his pants down, 'mooning'" the Plaintiff, as the student, "slapped himself on the butt." (Complaint ¶ 47)
- That underwear was left in the Plaintiff's locker and was wet and smelled of urine and feces. (Complaint ¶ 51)

The courts have routinely differentiated actions that are based on protected characteristics and those that are merely acts of students or other third parties being immature/unprofessional, or who are bullying. "To be actionable, the harassment must be more than the sort of teasing and bullying that generally takes place in schools." *Sanches,* 647 F.3d at 167. These acts have no reference to race, nor are there any direct connections of these acts to other possible acts that may or may not be based on race. The Plaintiff does not allege these actions were all committed by the same student, the same group of students, or a concerted effort by a certain group of students, but, instead, the Plaintiff implies several of these actions are individual incidents committed by random students or teachers, with no allegation that race was a factor in the actions themselves. These are examples of students engaging in banter, teasing, shoving, pushing and other conduct that, while upsetting to the students subjected to it, is not race-based discrimination that should be reviewed under Title VI. Actions like the ones listed above do not amount to actions that would be the subject of a lawsuit under Title VI. *Kelly v. Allen Indep. Sch. Dist.*, 602 Fed.Appx. 949, 954 (5th Cir. 2015) (raising a middle finger or pulling a student's jacket does not amount to harassment).

The Fifth Circuit has regularly established that bullying in and of itself does not violate Civil Rights laws. *Fennell*, 804 F.3d at 408 (actions must be "beyond normal schoolyard teasing and bullying.") (Title VI) (citing *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1033-1034 (9th Cir. 1998) (decided one year before *Davis*)); *Estate of Lance,* 743 F.3d at 996 (Section 504); *Sanches*, 647 F.3d at 167 (Title IX). Merely because someone is of a different race or is bullied or mocked does not mean that liability and a private right of action under Title VI becomes available to her/him. *Burlington Northern and Santa Fey Ry. Co. v. White*, 548 U.S. 53 (2006) ("Title VII … does not set forth 'a general civility code for the American workplace.'") (quoting *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 80 (1998)); *Baldwin v. Uni. Of Texas Medical Branch at Galveston*, 945 F.Supp. 1022, 1031 (S.D. Tex. 1996), *aff'd,* 122 F.3d 1066 (5th Cir. 1997) ("intentional race discrimination is essentially the same for individual actions brought under §§ 1981 and 1983, Title VI and Title VII.").

## IV.      Conclusion and Prayer

For the proffered reasons above, the Defendant respectfully requests that the Court dismiss Plaintiff's claims against it under 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant requests that the Court grant it such remedies, both at law and equity, to which it has shown itself entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: _____/s/ Janet L. Horton_____
Janet L. Horton
Federal I.D. No. 5125
Texas Bar No. 10021500
(713) 554-6746 (telephone)
(713) 583-8997 (fax)
jhorton@thompsonhorton.com
Bradley J. Domangue
Federal I.D. No. 1662372
Texas Bar No. 24065156
(713) 554-6742 (telephone)
(713) 583-5295 (fax)
bdomangue@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing *Motion to Dismiss of Defendant Humble Independent School District* was served on this 7th day of April, 2016 upon opposing counsel properly addressed as follows:

Mr. Martin J. Cirkiel                          *Via ECF:* **marty@cirkielaw.com**
**CIRKIEL & ASSOCIATES, P.C.**
1901 East Palm Valley Boulevard
Round Rock, Texas 78664
(*Counsel for Plaintiffs L.D. b/n/f Cheryl Brown*)

_____/s/ Janet L. Horton_____
Janet L. Horton

789032